Dear Ms. Rovaris:
You have requested the opinion of the Attorney General's office on various issues concerning the Louisiana State Board of Examiners of Psychologists (hereinafter, "the Psychology Board") since the passage of Act 251 of the 2009 Louisiana Regular Legislative Session ("Act 251").
Act 251, codified at La.R.S. 37:1360.51, et seq., transfers the regulation and licensure of medical psychologists and the practice of psychology by medical psychologists from the Psychology Board to the Louisiana State Board of Medical Examiners ("Medical Examiners Board").[1] Specifically, Act 251 enacted La.R.S. 37:1360.55, which provides that after January 1, 2010, the Louisiana State Board of Medical Examiners shall issue a medical psychology license to applicants who submit an application and furnish evidence to the Louisiana State Board of Medical Examiners that they meet all criteria including holding "a current and unrestricted license in good standing to practice psychology issued by the Louisiana State Board of Examiners of Psychologists."
In response to Act 251, you have asked the following questions:
Question 1: May a psychologist simultaneously be licensed with the Psychology Board and licensed as a medical psychologist with the Medical Examiners Board? More specifically, would revocation of a license or the refusal to grant a license because of *Page 2 
licensure with another occupational board violate the constitutional or other legal rights of an individual to hold a professional license?
In response to your first question, the Attorney General's office is not aware of any prohibition against dual licensure. La.R.S. 37:1360.55
requires as a prerequisite that an applicant for a medical psychologist's license hold a license in good standing to practice psychology issued by the Psychology Board and provides as follows:
La.R.S. 37:1360.55 Qualifications of applicants:
A. Notwithstanding any other provision of this Part or other law, on or before January 1, 2010, any medical psychologist shall be issued a medical psychology license by the board upon satisfaction of all of the following criteria:
(1) Holds a current and unrestricted license in good standing to practice psychology issued by the Louisiana State Board of Examiners of Psychologists.
(2) Holds a current and unrestricted certificate of prescriptive authority issued by the Louisiana State Board of Examiners of Psychologists.
(3) Holds a controlled and dangerous substance permit issued by the Louisiana Board of Pharmacy.
(4) Holds a controlled substance registration issued by the United States Drug Enforcement Administration.
B. After January 1, 2010, the board shall issue a medical psychology license to applicants who submit an application upon a form and in such a manner as the board prescribes and who furnish evidence to the board which meets all of the following criteria:
(1) Holds a current and unrestricted license in good standing to practice psychology issued by the Louisiana State Board of Examiners of Psychologists.
(2) Has successfully graduated with a post-doctoral master's degree in clinical psychopharmacology from a regionally accredited institution or has completed equivalent training to the post-doctoral master's degree approved by the board. The curriculum shall include instruction in anatomy and physiology, biochemistry, neurosciences, pharmacology, *Page 3 
psychopharmacology, clinical medicine/pathophysiology and health assessment, including relevant physical and laboratory assessment.
(3) Has passed a national exam in psychopharmacology approved by the board.
C. Medical psychologists licensed by the board shall be eligible for a controlled and dangerous substance permit and registration issued by the state and the United States Drug Enforcement Agency. [emphasis added.]
As set forth above, Act 251 requires that any individual applying for a medical psychologist's license after January 1, 2010, "hold a current and unrestricted license in good standing to practice psychology issued by the Psychology Board." Holding a general psychologist's license is only a prerequisite to applying for a medical psychologist's license. Once a psychologist meets all of the criteria set forth in La.R.S. 37:1360.55(B) and is approved by the Medical Examiners Board to receive a license in medical psychology, the individual will be governed entirely by the Medical Examiners Board. Since licensure as a psychologist and medical psychologist is not required, it would be duplicative to maintain a general psychology license after a psychologist has received a medical psychologist license given that the individual will be licensed and regulated by the Medical Examiners Board as a medical psychologist exclusively. Therefore, while it may be unnecessary for an individual to continue to hold a general psychology license once a medical psychologist's license is approved, it is nevertheless the individual's choice.
In response to your second inquiry in Question 1, the Psychology Board may only deny or revoke licensure of a psychologist pursuant to La.R.S.37:2351, et seq. Specifically, La.R.S. 37:2356 sets forth the requirements for applicants requesting a license as a psychologist and La.R.S. 37:2359 details the power of the board to deny, revoke or suspend a psychologist's license, which does not include denial of licensure due to licensure with another professional board. Therefore, it is the opinion of this office that it is inappropriate for the Psychology Board to deny an applicant's request for licensure solely based on that individual's licensure with another professional board.
Question 2: Where a psychologist may maintain dual licensure with the Psychology Board to practice psychology and also the Medical Examiners Board to practice medical psychology, and that psychologist practices psychology under the auspices of his/her psychology license with the Psychology Board, does Psychology Board retain jurisdictional authority over that license?
Act 251 transfers the jurisdiction of a certain class of psychologists, medical psychologists, from the Psychology Board to the Medical Examiners Board after January 1, 2010. See La.R.S. 28:2(12.1) and37:1360, et seq. As a practical matter, *Page 4 
dual licensure as a psychologist and medical psychologist is not required by La.R.S. 37:1360, et seq. and may be duplicative after an individual has received a medical psychologist license since that the individual will be exclusively licensed and regulated by the Medical Examiners Board as a medical psychologist. As a result, once an applicant is granted a medical psychologist's license by the Medical Examiners Board and does not concurrently maintain a psychologist's license, the Psychology Board no longer has the authority to regulate the psychologist. La.R.S.37:1360.55.
In the event that an individual receives a medical psychologist's license and decides to concurrently maintain a general psychologist's license, Act 251 is silent as to which board would have jurisdiction over the psychologist's license. However, if dual licensure is maintained it appears that both boards would retain jurisdiction over their respective licenses. Therefore, in the situation where a professional maintains both a general and medical psychology license, the Medical Examiners Board's jurisdiction would govern the medical psychologist license and the Psychology Board's jurisdiction would cover the general psychologist license.
Question 3: Is there a conflict of interest when a psychologist[2] is a member of the Psychology Board and is simultaneously licensed as a medical psychologist with Medical Examiners Board?
Our office is unable to determine whether a conflict of interest may exist when a psychologist serving on the Psychology Board simultaneously holds a medical psychologist's license with the Medical Examiners Board. As previously stated by this office to you in Opinion 09-0216, "[w]hen this office receives questions about the legality of holding two or more positions of public office or public employment, our opinion is limited to an examination of the dual office holding laws, La.R.S. 42:61, et seq. These laws do not generally address conflicts of interest or other ethical issues which may be present in the instant matter. Rather, the propriety of a public board member's conduct is governed by the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The Louisiana State Board of Ethics issues opinions concerning the Ethics Code; you may wish to contact the Board of Ethics at P.O. Box 4368, Baton Rouge, LA 70821, telephone: (225) 219-5600, for an advisory opinion addressing your concerns." We further recommend that you seek an advisory opinion from the State Board of Ethics on this issue. *Page 5 
I hope the foregoing is sufficiently responsive to your questions. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] Act 251 was signed by Governor Bobby Jindal and became effective on July 1, 2009.
[2] Licensure as a psychologist is a prerequisite for appointment to the Psychology Board under La.R.S. 37:2353(A)(3).